IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

07 SEP 27 AM 11: 44

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) DMK OF JAX, INC., d/b/a TURN 4 WINGS, ) ) Defendant. ) ) | CIVIL ACTION NO. 3:07-cv-920-J-16HTS COMPLAINT JURY TRIAL DEMAND INJUNCTIVE RELIEF SOUGHT |

NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Shawna Dennis, who was adversely affected by such practices. As stated with greater particularity below, the Equal Opportunity Commission (hereinafter "EEOC" or "the Commission") alleges that Defendant, DMK of Jax, Inc., d/b/a Turn 4 Wings (hereinafter "Turn 4 Wings"), discriminated against Shawna Dennis when it fired her because of her disability, Hepatitis C.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §2000e-5 (f)(1) and (3) and pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107 (a) of the ADA, 42 U.S.C. § 12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5 (f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

4. At all relevant times, Defendant Turn 4 Wings has been a Florida corporation doing business in Jacksonville, Florida and has continuously had at least 15 employees.

5. At all relevant times, Defendant Turn 4 Wings has continuously been an employer engaged in an industry affecting commerce under Section 101 (5) of the ADA, 42 U.S.C. § 12111 (5), and Section 101 (7) of the ADA, 42 U.S.C. § 12111 (7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101 (2) of the ADA, 42 U.S.C. § 12111 (2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Shawna Dennis filed a Charge of Discrimination with EEOC alleging violations of Title I of the ADA by Defendant Turn 4 Wings. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Shawna Dennis was employed by Defendant as a server from March of 2006 until April of 2006, when Defendant fired her.

9. Shawna Dennis is protected by the ADA because she is a qualified individual with a physical impairment, Hepatitis C, which substantially limits her major life activity of reproduction.

10. Shawna Dennis is protected by the ADA because she is a qualified individual with a physical impairment, Hepatitis C, which Defendant regarded as substantially limiting her major life activity of working.

11. On or about April 27, 2006, Defendant learned that Shawna Dennis had Hepatitis C.

12. On or about April 27, 2006, Defendant Turn 4 Wings engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112 when Defendant terminated Shawna Dennis because she is disabled.

13. On or about April 27, 2006, Defendant Turn 4 Wings engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112 when Defendant terminated Shawna Dennis because Defendant regarded her as disabled.

14. The effect of the practices complained of in paragraphs 12 and 13 has been to deprive Shawna Dennis of equal employment opportunities and otherwise adversely affect her status in employment because of her disability.

15. The unlawful employment practices complained of in paragraphs 12 and 13 were intentional.

16. The unlawful employment practices complained of in paragraphs 12 and 13 were done with malice and/or with reckless indifference to the federally protected rights of Shawna Dennis.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully request that this Court:

A.     Grant a permanent injunction enjoining Defendant Turn 4 Wings, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to provide reasonable accommodation to qualified individuals with disabilities, discharging qualified individuals because of a disability, and engaging in any other employment practice which discriminates on the basis of disability.

B.     Order Defendant Turn 4 Wings to promulgate, institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Turn 4 Wings to make whole Shawna Dennis by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant Turn 4 Wings to make whole Shawna Dennis by providing compensation for past losses resulting from the unlawful employment practices described in paragraphs 12 and 13 including, but not limited to, out of packet losses suffered by Shawna Dennis in amounts to be determined at trial.

E.     Order Defendant Turn 4 Wings to make whole Shawna Dennis by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 12 and 13, including but not limited to, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.   Order Defendant Turn 4 Wings to pay punitive damages for its malicious and/or reckless conduct, as described in paragraphs 12 and 13, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Respectfully Submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

NORA E. CURTIN
Regional Attorney

s/ Beverly Britton Fraser
BEVERLY BRITTON FRASER
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Tampa Field Office
501 East Polk Street, Room 1000
Tampa, FL  33202
Telephone: (813) 202-7919
Fax: (813)228-2841
E-Mail:  beverly.brittonfraser@eeoc.gov