## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**UNITED STATES EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

                    **Plaintiff,**

**MS. SHAWNA DENNIS,**

                    **Intervening Plaintiff,**
**v.**                                                    **Case No. 3:07-cv-920-16HTS**

**DMK OF JAX, INC., d/b/a Turn $ Wings,**

                    **Defendant.**
_____/

### ORDER

        This is an action for damages under the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§ 12101 *et seq.*  Before the Court are Plaintiffs' Motions for Entry of Default Judgment (Dkts. 27

and 30) (collectively, the "Default Motions"). No response has been filed.

**I.        Procedural and Factual History**

        After serving process and finding no properly filed responsive pleading,[1] Plaintiffs, the

United States Equal Employment Opportunity Commission ("EEOC") and Ms. Shawna Dennis

("Plaintiff"), moved for and were granted a Clerk's Entry of Default (Dkt. 23, the "Clerk's Entry")

on May 28, 2008.

        The admitted facts are as follows.  Plaintiff has Hepatitis C.   In early April of 2006 Plaintiff

began working as a waitress at Defendant, DMK of JAX, Inc.'s ("Defendant") business "Turn 4

Wings," a brew house and pub.  Turn 4 Wings employs at least fifteen (15) employees, provides no

---

[1] Defendant was served on January 16, 2008.  On February 5, 2008, Defendant's Vice-President, Marjorie Sergent, filed a response (Dkt. 13). The Response was struck (Dkt. 22) for failure to comply with Local Rule 2.03(e). To date, Defendant has not retained counsel or filed any additional pleadings.

training for employees about the ADA and has no Anti-Discrimination Policy in place.  Plaintiff

worked without incident for Defendant until April 27, 2006, when the Turn 4 Wings, Manager and

Owner, Mr. Dennis Sergent, ("Sergent") terminated her.  Plaintiff claims that she was fired because

of her Hepatitis C.

In the Complaint, the EEOC seeks  injunctive relief against Defendant, as well as

unliquidated damages for back pay, front pay, discriminatory damages and punitive damages for

Plaintiff. In her Default Motion, Plaintiff requested an evidentiary hearing to determine her damages.

See Dkt. 27.  The Court granted Plaintiff's request (Dkt. 32) and conducted an  evidentiary hearing

on September 30, 2008 (the "Hearing").

## II.        The Hearing

 During the Hearing, separate counsel for Plaintiff and the EEOC appeared.  Defendant failed

to make an appearance. The EEOC provided the Court with a Lost Wage Summary for Plaintiff,

which could be described as skimpy at best  (Ex. 1, the "Summary") and Plaintiff's counsel provided

an Affidavit of Attorney's Services Rendered (Ex. 2, the "Fee Affidavit"). Plaintiff  testified as to

her employment with Turn 4 Wings and the emotional stress that she allegedly suffered because of

her terminations.  Specifically, Plaintiff claims that after Sergent fired her, she was unemployed for

approximately seven (7) weeks. Following this period of unemployment, Plaintiff secured

employment as a waitress at Jenk's Pizza in Jacksonville, Florida.  Jenk's Pizza terminated her on

the day she reported to work.  Plaintiff claims that on her first day of work at Jenk's Pizza, Sergent

appeared and spoke with her new manager. She further claims that the manager of Jenk's Pizza fired

her immediately following that meeting with Sergent.  After her brief employment at Jenk's Pizza,

Plaintiff was again unemployed for approximately twelve (12) weeks.

In the Summary, Plaintiff claims that she earned gross wages of $275.00 per week while employed by Defendant and would have earned gross wages of $400.00 per week working at Jenk's Pizza.  In the Summary, Plaintiff's total lost wages are calculated to be $6,550.00 ($275.00 x 7 weeks = $1,750.00 + $400.00 x 12 weeks = $4,800.00).  See Ex. 1.  Plaintiff's summary is completely lacking in supporting documentation such as a W-2, receipts, pay stubs, etc.  Thus, the Court has nothing but Plaintiff's self-serving testimony to support her earnings' claims and her credibility is doubtful.

In the Fee Affidavit, Plaintiff's counsel seeks $2,700.00 in fees for the 10.8 hours of work expended on this case at the rate of $250.00 per hour.  See Ex. 2, Att. A. The Fee Affidavit is signed by Plaintiff's counsel. Plaintiff's counsel failed to provide any independent verification of the reasonableness of the hours expended and fees charged for this type of case. During the Hearing, Plaintiff's counsel informed the Court that Plaintiff had not incurred any costs in this case and he did virtually nothing at the Hearing.

At the conclusion of the Hearing, the EEOC and Plaintiff asked the Court to: 1) order Defendant to pay Plaintiff  $6,550.00 in back pay; 2) award Plaintiff her attorney's fees of $2,700.00; and, 3) award Plaintiff punitive damages in the maximum amount of $50,000.00 allowed under 42 U.S.C. § 1981a(b)(3).

The EEOC also asked for injunctive relief.  Specifically, the EEOC asked the Court to order Defendant to adopt an Anti-Discrimination Policy; advise its wait staff as to that policy; train the wait staff at appropriate times throughout the year about the policy and the ADA; post appropriate EEOC notices and information at Turn 4 Wings; and, implement a reporting system to address any future EEOC complaints.

**III.    Discussion**

Because the Clerk's Default was entered previously against Defendant, the prerequisites of Fed. R. Civ. P. 55(a) have been met. Under Fed. R. Civ. P. 55(b), a court may enter default judgment where a party has failed to plead or otherwise defend in the action. "The defendant, by its default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts established." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975). In her Complaint, Plaintiff has sufficiently alleged the facts necessary to state a claim. Thus, Plaintiff is entitled to default judgment on the issues raised in her Complaint. There are no facts available to the Court to establish the amount of Plaintiff's damages; thus, the Hearing was necessary.

**Actual Damages**

The ADA incorporates the enforcement mechanism under Title VII. See EEOC v. Waffle House, Inc., 534 U.S. 279, 286 n.4 (2002). Successful Title VII claimants are presumptively entitled to back pay. Lathem v. Dept. of Children and Youth Serv., 172 F.3d 786, 794 (11th Cir.1999). The goal is to make the aggrieved employee financially whole for the injury suffered on account of the unlawful discrimination. Faragher v. City of Boca Raton, 524 U.S. 777, 805 (1998). Thus, Plaintiff may recover back pay from the date of termination until the date of the judgment, including lost salary, raises and fringe benefits. See 42 U.S.C. 12117; Akouri v. State of Florida Dept. of Trans., 408 F.3d 1338, 1343 (11th Cir. 2005).

The Summary (Ex. 1) provides some of the details about Plaintiff's earnings. The Court assumes that the EEOC received some evidence to support Plaintiff's claims. However, none of this direct documentary evidence was provided to the Court. Due to the complete lack of documentary evidence, it is difficult for the Court to conclude with any accuracy that Plaintiff is entitled to the

4

$6,550.00 she seeks. In addition, Plaintiff worked at Jenk's Pizza for only part of one day.  Thus, her claimed earnings from Jenk's Pizza are speculative at best.

The Court is reluctant to award back pay based upon such scant evidence.  However, being that there was some minimal evidence of employment at Turn 4 Wings, the Court will award Plaintiff the sum of $500.00 in back pay.  Plaintiff's request for $4,800.00 in back pay which she alleges she would have earned from working at Jenk's Pizza must be denied in its entirety.  Plaintiff failed to request prejudgment interest during the Hearing, so none will be awarded.

**Punitive Damages**

Pursuant to 42 U.S.C. § 12117 and 42 U.S.C. §1981a(a)(2), "only a showing that the employer acted with the appropriate state of mind" is necessary to award punitive damages." Alexander v. Fulton County, 207 F.3d 1303, 1337 (11th Cir. 2000). This means acting "with malice or reckless indifference" to a plaintiff's rights and requires a showing of "evil intention" or "conscious indifference" to a plaintiff's federally protected rights. Id.  In addition to demonstrating that the Defendant acted with malice or reckless indifference, a plaintiff must also show either that the discriminating employee was a "higher up in the corporate hierarchy" or that higher management approved of the conduct.  Splurge v. Shoney's, 97 F.3d 488, 491 (11th Cir.1996).  The ADA allows the Court to award Plaintiff damages for emotional  pain and mental anguish provided Plaintiff presents evidentiary support for such.  Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1333 (11th Cir. 1999).  Here, Plaintiff seeks the statutory maximum in damages for an employer of Defendant's size, $50,000.00.  See 42 U.S.C. § 1981a(b)(3).

While Sergent is the owner of Turn 4 Wings and, thus fulfills the requirement that management approved of Plaintiff's firing, nothing in the admitted facts supports an award of punitive damages.  In addition, Plaintiff's testimony that Sergent was responsible for getting her

fired at Jenk's Pizza is based solely on Plaintiff's speculation and not supported by testimony or affidavit from Plaintiff's manager at Jenk's Pizza's.

Plaintiff also offered testimony about the long-term emotional effects of her terminations. Plaintiffs testified that she "felt bad" after her terminations and that she felt "unable to do anything about the situation." She further testified that she simply wanted to be a mother and provide for her two-year-old son and without employment was unable to do so. Plaintiff's testimony alone is not sufficient to demonstrate that she is suffering emotional pain and mental anguish to the extent necessary to receive damages. Again, Plaintiff failed to provide any additional testimony from medical professionals or others that she was and is indeed suffering from any kind of long term emotional effects. Therefore, the Court will not permit an award of damages for Plaintiff's alleged emotional pain and anguish.

**Attorney's Fees**

Under the ADA attorney's fees and costs are available to a prevailing party. In this case, Plaintiff's counsel supplied the Court with a Fee Affidavit and asks for fees in the amount of $2,700.00, 10.8 hours at the rate of $250.00 per hour. Normally, an applicant for attorney's fees meets his burden by offering direct evidence of rates charged under similar circumstances or through expert opinion. Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court finds the Fee Affidavit lacking. However, in the face of inadequate documentation, a court may rely on its own experience or affidavits in the record. Mills by Mills v. Freeman, 118 F.3d 727, 734 (11th Cir. 1997). The Court finds that the rates requested are reasonable. However, the stated time expended does not equate to the Court's belief of the time

actually required.  EEOC did everything.  Thus, the Court will grant the request for attorney's fees reduced to the amount of $1685.00.

**Injunctive Relief**

The EEOC asks for injunctive relief.  Specifically, it requests that the Court order Defendant to undertake the actions outlined above. Without more testimony and evidence, the Court is unwilling to grant the injunctive relief requested

**IV.     Conclusion**

For the reasons set forth above, the Motions for Default Judgment (Dkts. 27 and 30) are **GRANTED in part** and **DENIED in part**. The Clerk shall: 1) enter final default judgment in favor of Plaintiff, Shawna Dennis,  and against Defendant, DMK of Jax, Inc., d/b/a Turn 4 Wings,  in the amount of $500.00 in back pay and  $1,685.00 in attorney's fees for a total of $2,185.00; and, 2) **CLOSE** this case.  The request for punitive damages is **DENIED**

**DONE** and **ORDERED**  from Chambers in Jacksonville, Florida on this 10th day of December 2008.

Copies to:  Counsel of Record

JOHN H. MOORE II
United States District Judge

7